217-10/WJP

FREEHILL, HOGAN & MAHAR, LLP
Attorneys for Defendant
MAERSK, INC.
80 Pine Street
New York, New York 10005-1759
Telephone No: (212) 425-1900
E-mail: pallas@freehill.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------
NYMET INDUSTRIAL SOLUTIONS, INC.,

          Plaintiff,

      -against-

MAERSK, INC.,

          Defendant.
-------------------------------------------------------

Docket No: 2:10-cv-02626

**ANSWER TO AMENDED COMPLAINT**

    Defendant, A.P. Moller-Maersk A/S, erroneously sued herein as Maersk, Inc. (hereinafter "MAERSK") by and through its attorneys Freehill, Hogan & Mahar, LLP, responds to the Amended Complaint of Plaintiff herein as follows:

    1.    Denies knowledge or information sufficient to form a belief with respect to the allegations set forth in Paragraph 1 of the Amended Complaint.

    2.    Admits that at all times hereafter mentioned Maersk was and still is incorporated in a state of the United States of America with a place of business at 2 Giralda Farms, Madison Avenue, Madison, New Jersey 07940-0880.

    3.    Admits that to the extent Plaintiff has alleged damages arising out of a contract of carriage of goods by sea, that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction

359514.1

of this Court, but as except as so specifically admitted, denies the remaining allegations set forth in Paragraph "3" of the Amended Complaint.

4. Denies the allegations set forth in Paragraph "4" of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph "5" of the Amended Complaint.

6. Denies the allegations set forth in Paragraph "6" of the Amended Complaint. Maersk, Inc. is an agent for the carrier A.P. Moller-Maersk A/S.

7. Admits that NYMET contracted with Defendant Maersk for the carriage of a shipment of ten (10) containers said to contain steel scrap from Caucedo, Dominican Republic to Kandla, India, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "7" of the Amended Complaint.

8. Admits that Maersk issued Bill of Lading No: MAEU 856594628 for the carriage of the subject shipment described therein and that Maersk carried and delivered the subject cargo pursuant to the applicable bill of lading/contract of carriage, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "8" of the Amended Complaint.

**DEFENDANT MAERSK'S RESPONSE
TO THE FIRST CAUSE OF ACTION**

9. Denies the allegations set forth in Paragraph "9" of the Amended Complaint.

10. Denies the allegations set forth in Paragraph "10" of the Amended Complaint.

11. Denies the allegations set forth in Paragraph "11" of the Amended Complaint.

359514.1

12. Admits that Plaintiff has made a claim for damages, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "12" of the Amended Complaint.

### DEFENDANT MAERSK'S RESPONSE TO THE SECOND CAUSE OF ACTION

13. Defendant Maersk repeats, realleges, and reiterates each and every response to the allegations set forth in Paragraphs "1" through "12" of Plaintiff's Amended Complaint as if set forth at length herein.

14. Denies each and every allegation contained in Paragraph "14" of Plaintiff's Amended Complaint.

15. Denies each and every allegation contained in Paragraph "15" of Plaintiff's Amended Complaint.

16. Admits that Maersk has not made any payment of Plaintiff's claim, but except as so specifically admitted, denies the remaining allegations set forth in Paragraph "16" of the Amended Complaint.

### DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim against the Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The shipment in question was received, carried, discharged and/or delivered at the port of destination subject to the terms, conditions, exceptions and limitations of the provisions of

the United States Carriage of Goods by Sea Act, Title 46 U.S.C. Section 1300 *et seq.*, the Harter Act, Title 46 U.S.C. Section 190 *et seq.*, and/or other legislation pertinent to this carriage.  Any loss or damage alleged to have been suffered by said shipment or to the shipper or consignee was due to a cause or causes for which neither the carrier nor the vessel is liable by virtue of the provisions of aforesaid Carriage of Goods by Sea Act and/or Harter Act, and/or other pertinent legislation.

### THIRD AFFIRMATIVE DEFENSE

3.     The shipment described in the Complaint was received, loaded, carried, discharged and delivered subject to the terms, conditions, exceptions and limitations of certain dock receipts, bills of lading, tariffs and/or contracts of affreightment, issued for carriage of the shipment, and by which the shipper, consignee and holders of said bills of lading agreed to be and are bound.  Any damage to the goods, which is denied, was due to a cause or causes for which this Answering Defendant is not liable by virtue of said dock receipts, bills of lading, tariffs and/or contracts of affreightment.

### FOURTH AFFIRMATIVE DEFENSE

4.     Any loss or damage to the goods, as alleged in the Complaint, and which is denied, arose or resulted from the condition of the goods when delivered to Defendant, and/or from inherent defect, quality or vice of the goods, or insufficiency of packaging or marks or by act or omission of the shippers, or owners of the goods, their agents or representatives, or other third parties and not this Answering Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

5.  If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was not caused by or contributed to by this Answering Defendant and such shortage and/or damage was not sustained by the shipment while in the care, custody or control of this Answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

6.  If any shortage and/or damage was sustained by the shipment referred to in the Complaint, which is denied, such shortage and/or damage was caused by or contributed to by the Plaintiff or others acting on its behalf.

**SEVENTH AFFIRMATIVE DEFENSE**

7.  The Plaintiff is not the real party in interest to this suit.

**EIGHTH AFFIRMATIVE DEFENSE**

8.  Plaintiff failed to give timely notice of this claim. The claim is time barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

9.  Any liability of this Answering Defendant, which is denied, is limited in amount by the terms and provisions of the aforementioned dock receipts, bills of lading, tariffs, contracts of carriage, and Carriage of Goods by Sea Act and/or the Harter Act, or other governing legislation.

359514.1

## TENTH AFFIRMATIVE DEFENSE

10. The Court lacks *in personam* jurisdiction over this Answering Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant Maersk Line is not a corporate or business entity, but rather a trade name under which the carrier, A.P. MOLLER-MAERSK A/S, conducts its business. As such, this defendant is not and could not be a party to the contract of carriage and therefore is not liable, to the extent any liability exists, for the matters and things alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed to mitigate its damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The action must be dismissed in accordance with the mandatory and exclusive forum selection clause and/or arbitration clause incorporated in the applicable bill of lading/contract of carriage.

WHEREFORE, Defendant MAERSK prays that a decree be entered dismissing the Amended Complaint herein and that it be awarded all costs, expenses and attorneys' fees incurred in connection with the defense of this action and that this Court grant said Defendant such other and different relief as this Court may deem just and proper.

Dated: New York, New York
       October 22, 2010.

                        FREEHILL, HOGAN & MAHAR, LLP
                        Attorneys for Defendant A.P. MOLLER-MAERSK A/S

                        By: _____
                              William J. Pallas
                        80 Pine Street
                        New York, New York 10005-1759
                        Telephone No: (212) 425-1900
                        Facsimile: (212) 425-1901


TO:   RUBIN, FIORELLA & FRIEDMAN, LLP
        Attention: Patrick J. Corbett, Esq.
        Attorneys for Plaintiff
        292 Madison Avenue
        11th Floor
        New York, New York 10017
        Telephone No: (212) 953-2381
        Facsimile No: (212) 953-2462
        Your File No: 722-14599

359514.1